Robert D. Stone, *Esq.*
LAW OFFICE OF ROBERT STONE, LLC
1049 West 5th Avenue, Suite 102
Anchorage, Alaska  99501
(907) 276-4190 Phone
(907) 276-4140 Fax
marysummers@stonelawalaska.com

IN THE UNITED STATES DISTRICT COURT FOR

THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| AMANDA ALVANNA, | ) | |
| | ) | Case No. 3:17-CV _____ (_____) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **COMPLAINT** |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMES NOW, the plaintiff, AMANDA ALVANNA, by and through her attorney, ROBERT D. STONE, to state and allege the following as her cause of action for her complaint.

I

This Court has jurisdiction over this cause of action pursuant to 28 U.S.C. 1346(b) and 28 U.S.C. 2671, *et seq.*, (The Federal Tort Claims Act) as hereinafter more fully appears.

II

Venue is proper in the United States District Court for the District of Alaska pursuant to 28 U.S.C. 1402(b).  The plaintiff was a resident within the District of Alaska when this incident

occurred and when the acts or omissions complained of occurred within the District of Alaska and the United States is a defendant.

III

Plaintiff filed her Form 95 pursuant to the Federal Tort Claims with the United States Department of Health and Human Services on July 18, 2016. These claims were not administratively denied or resolved by this agency within 6 months nor after numerous requests to resolve these claims were made and suit is permitted under 28 U.S.C. 2675(a).

IV

The United States of America is a defendant in this matter in that the Department of Health and Human Services is a department of the United States government and is vicariously liable for the acts/omissions of William Kunnuk, its employees, representatives, contractors, and agents under the theories of respondeat superior, agency, negligence, joint enterprise, negligent entrustment, and negligent supervision. The term defendant is this complaint means the United States and/or Department of Health and Human Services acting through its employees, representatives, contractors, and/or agents.

V

All events relative to the cause of action of this complaint occurred in the state of Alaska in Nome, Alaska.

VI

On or about October 23, 2015, Plaintiff Amanda Alvanna, was a pedestrian crossing the street at Bering Street in Nome, Alaska, when the vehicle driven by William Kunnuk, who was employed by Norton Sound Health Corporation / Department of Health and Human Services,

was making a turn onto Bering Street, striking Plaintiff Amanda Alvanna with the vehicle he was operating and causing injuries to plaintiff for which the defendant is liable. Following the accident, William Kunnuk left the scene of the accident and failed to report the accident.

VII

As a result of defendant's actions, plaintiff suffered the injuries set forth in paragraph XIV of this complaint.

First Cause of Action

VIII

Plaintiff realleges and incorporates the facts and allegations of paragraph 1 through VII into this First Cause of Action.

IX

Defendant's member owed a duty of care to operate the defendant's vehicle in a safe and reasonable manner and to drive at a safe and reasonable speed consistent with other drivers on the road and given the particular road conditions. Defendant's member breached this duty of care by, among other things, failing to yield to a pedestrian, failing to properly pay attention to the roadway, failing to exercise due care, driving in a careless manner, failing to warn the plaintiff, failing to report an accident, and leaving the scene of an injury accident.

X

As a direct and proximate result of defendant's negligence, plaintiff incurred damages set forth in paragraph XIV of this complaint.

## Second Cause of Action

### XI

Plaintiff realleges and incorporates the facts and allegations of paragraph I through X into the Second Cause of Action.

### XII

Defendant was negligent *per se* in that its actions violated AS 28.35.050(a) (leaving the scene), AS 28.35.410 (negligent driving), AS 28.35.080(a) (failure to report an accident) and other laws of the state of Alaska and City of Nome in causing this accident, subject of this complaint.

### XIII

As a direct and proximate result of the defendant's negligence *per se*, plaintiff incurred the injuries set forth in paragraph XIV of this complaint.

### XIV

As a direct and proximate result of defendant's acts, plaintiff incurred the following damages:

1. Injuries to Amanda Alvanna's left shoulder, arm, rib cage, and hip;

2. Amanda Alvanna's medical and medication expenses in the past, present, and future;

3. Amanda Alvanna's lost wages or lost earning capacity;

4. Amanda Alvanna's physical and emotional pain and suffering in the past, present, and future;

5. Amanda Alvanna's permanent impairment, discomfort, and loss of enjoyment of life; and

6. Other damages to be proven at trial.

WHEREFORE, plaintiff prays for a judgment against the defendant as follows:

1. Compensatory damages in a sum to be proven at trial within the amounts originally claimed in the administrative claims process;

2. Costs, interest, and attorney fees as allowed under the Federal Tort Claims Act; and

3. For such other relief as this court deems just and equitable.

RESPECTFULLY SUBMITTED this \_\_\_\_ day of Auugst, 2017, in Anchorage, Alaska.

        LAW OFFICE OF ROBERT STONE, LLC
        Attorney for Plaintiff

        /S/Robert D. Stone
        1049 West 5th Avenue, Suite 102
        Anchorage, Alaska 99501
        (907) 276-4190 Phone
        (907) 276-4140 Fax
        marysummers@stonelawalaska.com
        Alaska Bar No. 9411128